IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EXELIXIS, INC.,                                        )
                                                       )
                    Plaintiff,                         )
                                                       )
        v.                                             )    C.A. No. 22-cv-00228-RGA
                                                       )
MSN LABORATORIES PRIVATE LIMITED                       )
and MSN PHARMACEUTICALS, INC.,                         )
                                                       )
                    Defendants.                        )
                                                       )

**MSN LABORATORIES PRIVATE LTD. AND MSN PHARMACEUTICALS INC.'S
FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants MSN Laboratories Private Ltd. ("MSN Laboratories") and MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") (collectively, "MSN"), by and through the undersigned attorneys, respond to Exelixis, Inc.'s ("Exelixis" or "Plaintiff") Complaint for Patent Infringement as follows:

Pursuant to Fed. R. Civ. P. 8(b)(3), MSN denies all allegations in Plaintiff's complaint, except those expressly admitted below.

1. MSN admits that Plaintiff's Complaint against MSN is for infringement of United States Patent Nos. 11,091,439 (the "'439 patent"), 11,091,440 (the "'440 patent"), and 11,098,015 (the "'015 patent") arising under the Patent Laws of the United States, 35 U.S.C. § § 100 as well as the Declaratory Judgment Act, 28 U.S.C. §§2201-02, but denies that Plaintiff is entitled to any such relief. MSN further admits that it submitted an Abbreviated New Drug Application ("ANDA") No. 213878 seeking U.S. Food and Drug Administration ("FDA") approval to market a generic cabozantinib product, which Plaintiff markets as a product called CABOMETYX®, prior to the expiration of the '439, '440, and '015 patents. MSN denies any remaining allegations in paragraph 1.

**PARTIES**

2.     On information and belief, MSN admits Exelixis's state of incorporation and business address.  MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2, and therefore, denies those allegations.

3.     MSN admits that MSN Laboratories Private Limited ("MSN Laboratories") is a Private Limited company organized and existing under the laws of India, with a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanath Nagar, Hyderabad, Telangana, India, 500018.

4.     MSN admits that MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854. MSN admits that MSN Pharmaceuticals is a wholly owned subsidiary of MSN Laboratories.

5.     MSN admits that MSN Laboratories is in the business of developing and manufacturing pharmaceutical products for distribution throughout the United States. MSN denies any remaining allegations of paragraph 5.

6.     MSN admits that MSN Pharmaceuticals is in the business of importing and distributing pharmaceutical products for sale and use throughout the United States. MSN denies any remaining allegations of paragraph 6.

7.     MSN admits the allegations contained in paragraph 7.

8.     Paragraph 8 contains conclusions of law for which no response is required. To the extent a response is required, MSN states that MSN Pharmaceuticals is the U.S. Agent for MSN Laboratories.  MSN denies any remaining allegations contained in paragraph 8.

9.     MSN admits that it seeks FDA approval of ANDA No. 213878.  MSN further admits that it intends to offer to sell and/or sell MSN's ANDA product that is the subject of ANDA

No. 213878 throughout the United States. MSN denies any remaining allegations contained in paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 contains conclusions of law for which no response is required. To the extent a response is required, MSN admits that this action cites the patent laws of the United States generally. MSN does not contest that this Court has jurisdiction over the subject matter of this action against MSN for the purposes of the asserted patents in this action only.

11. Paragraph 11 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only. MSN admits that it intends to offer to sell and/or sell MSN's ANDA product that is the subject of ANDA No. 213878 throughout the United States. MSN denies any remaining allegations contained in paragraph 11.

12. Paragraph 12 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only. MSN admits that it intends to offer to sell and/or sell MSN's ANDA product that is the subject of ANDA No. 213878 throughout the United States. MSN denies any remaining allegations contained in paragraph 12.

13. Paragraph 13 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only. MSN admits that MSN Pharmaceuticals is a corporation organized and existing under the laws of Delaware, with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854. MSN denies any remaining allegations contained in paragraph 13.

14.    Paragraph 14 contains conclusions of law for which no response is required.  To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only.

15.    MSN admits that it has previously filed counterclaims in this forum.  MSN denies any remaining allegations contained in paragraph 15.

16.    Paragraph 16 contains conclusions of law for which no response is required.  To the extent a response is required, MSN does not contest venue for the purposes of this action only. MSN admits that MSN Pharmaceuticals is a corporation organized and existing under the laws of Delaware.  MSN denies any remaining allegations contained in paragraph 16.

17.    Paragraph 17 contains conclusions of law for which no response is required.  To the extent a response is required, MSN does not contest venue for the purposes of this action only. MSN admits that MSN Laboratories is not a resident of the United States.  MSN denies any remaining allegations contained in paragraph 17.

## BACKGROUND

18.    MSN admits that the USPTO issued the '439 patent entitled "Malate Salt of N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and Crystalline Forms Thereof for the Treatment of Cancer" on August 17, 2021, but specifically denies the patent was duly and legally issued.  MSN admits that the USPTO's assignment database lists Exelixis as the assignee of the '439 patent.  MSN admits that a purported copy of the '473 patent was attached to Exelixis's Complaint as Exhibit A.  MSN admits that the USPTO issued the '440 patent entitled "Malate Salt of N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and Crystalline Forms Thereof for the Treatment of Cancer" on August 17, 2021, but specifically denies the patent was duly and legally issued. MSN admits that the USPTO's assignment database lists Exelixis as the

assignee of the '440 patent.  MSN admits that a purported copy of the '440 patent was attached to Exelixis's Complaint as Exhibit B.  MSN admits that the USPTO issued the '015 patent entitled "Malate Salt of N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and Crystalline Forms Thereof for the Treatment of Cancer" on August 24, 2021, but specifically denies the patent was duly and legally issued.  MSN admits that the USPTO's assignment database lists Exelixis as the assignee of the '015 patent.  MSN admits that a purported copy of the '015 patent was attached to Exelixis's Complaint as Exhibit C.  MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 18, and therefore, denies those allegations.

19.     MSN admits that the FDA's Orange Book states that New Drug Application No. 208692 covers CABOMETYX®, and the CABOMETYX® label further indicates that CABOMETYX® (cabozantinib) is a tyrosine kinase inhibitor, for oral administration, for the treatment of patients with advanced renal cell carcinoma, patients with hepatocellular carcinoma who have been previously treated with the medicine sorafenib, and adult and pediatric patients 12 years of age and older with locally advanced or metastatic differentiated thyroid cancer that has progressed following prior VEGFR-targeted therapy and who are radioactive iodine-refractor or ineligible.  MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 19, and therefore, denies those allegations.

20.     MSN admits that, as of the date of this Answer, the '439, '440, and '015 patents are listed in the FDA's Orange Book in connection with CABOMETYX®.  MSN denies any remaining allegations contained in paragraph 20.

21.    MSN admits that, as of the date of this Answer, the '439, '440, and '015 patents are listed in the FDA's Orange Book in connection with CABOMETYX®.  MSN denies any remaining allegations contained in paragraph 21.

22.    MSN admits to having sent a Notice Letter dated January 10, 2022.  MSN states the letter speaks for itself and no further answer is required.  To the extent a response is required, MSN admits that it submitted ANDA No. 213878 to the FDA for generic cabozantinib s-malate tablets, 20 mg, 40 mg, and 60 mg.  MSN denies any remaining allegations contained in paragraph 22.

23.    Paragraph 23 contains conclusions of law for which no response is required.  To the extent a response is required, MSN admits that the MSN ANDA product is bioequivalent to CABOMETYX®.  MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 23, and therefore, denies those allegations.

24.    MSN admits to having sent a Notice Letter dated January 10, 2022.  MSN states the letter speaks for itself and no further answer is required.  To the extent a response is required, MSN admits that its ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the '439, '440, and '015 patents and alleged that the '439, '440, and '015 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, or sale of the MSN ANDA Product. MSN denies any remaining allegations contained in paragraph 24.

25.    MSN admits that ANDA No. 213878 contains a Paragraph IV certification for the '439, '440, and '015 patents.  MSN denies any remaining allegations contained in paragraph 25.

26.    MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26, and therefore, denies those allegations.

27.    Paragraph 27 contains conclusions of law for which no response is required.  To the extent a response is required, MSN states that it does not intend to contest the timeliness of the filing of this complaint upon receipt of MSN's Notice Letter.

**CLAIMS FOR RELIEF**
**COUNT I: INFRINGEMENT OF US PATENT NO. 11,091,439**

28.    MSN incorporates its responses to each of the preceding paragraphs 1-27 as if fully set forth herein.

29.    MSN admits to having sent a Notice Letter dated January 10, 2022.  MSN states the letter speaks for itself and no further answer is required.  To the extent a response is required, MSN denies any remaining allegations contained in paragraph 29.

30.    MSN admits that the filing of its ANDA with a Paragraph IV certification constitutes an artificial act of infringement under 35 U.S.C. § 271(e)(2)(A). MSN denies any remaining allegations contained in paragraph 30.

31.    MSN denies the allegations contained in paragraph 31.

32.    MSN denies the allegations contained in paragraph 32.

33.    Paragraph 33 contains conclusions of law for which no response is required.  To the extent a response is required, MSN admits the allegations of this paragraph.

34.    MSN denies the allegations contained in paragraph 34.

35.    MSN denies the allegations contained in paragraph 35.

36.    MSN denies the allegations contained in paragraph 36.

**COUNT II: INFRINGEMENT OF US PATENT NO. 11,091,440**

37.    MSN incorporates its responses to each of the preceding paragraphs 1-27 as if fully set forth herein.

38.     MSN admits to having sent a Notice Letter dated January 10, 2022.  MSN states the letter speaks for itself and no further answer is required.  To the extent a response is required, MSN denies any remaining allegations contained in paragraph 38.

39.     MSN admits that the filing of its ANDA with a Paragraph IV certification constitutes an artificial act of infringement under 35 U.S.C. § 271(e)(2)(A). MSN denies any remaining allegations contained in paragraph 39.

40.     MSN denies the allegations contained in paragraph 40.

41.     MSN denies the allegations contained in paragraph 41.

42.     Paragraph 42 contains conclusions of law for which no response is required.  To the extent a response is required, MSN admits the allegations of this paragraph.

43.     MSN denies the allegations contained in paragraph 43.

44.     MSN denies the allegations contained in paragraph 44.

45.     MSN denies the allegations contained in paragraph 45.

**COUNT III: INFRINGEMENT OF US PATENT NO. 11,098,015**

46.     MSN incorporates its responses to each of the preceding paragraphs 1-27 as if fully set forth herein.

47.     MSN admits to having sent a Notice Letter dated January 10, 2022.  MSN states the letter speaks for itself and no further answer is required.  To the extent a response is required, MSN denies any remaining allegations contained in paragraph 47.

48.     MSN admits that the filing of its ANDA with a Paragraph IV certification constitutes an artificial act of infringement under 35 U.S.C. § 271(e)(2)(A). MSN denies any remaining allegations contained in paragraph 48.

49.     MSN denies the allegations contained in paragraph 49.

50.     MSN denies the allegations contained in paragraph 50.

51.     MSN denies the allegations contained in paragraph 51.

52.     MSN denies the allegations contained in paragraph 52.

53.     Paragraph 53 contains conclusions of law for which no response is required.  To the extent a response is required, MSN admits the allegations of this paragraph.

54.     MSN denies the allegations contained in paragraph 54.

55.     MSN denies the allegations contained in paragraph 55.

56.     MSN denies the allegations contained in paragraph 56.

## PRAYER FOR RELIEF

MSN denies that Exelixis is entitled to any of the relief requested in its Prayer for Relief or to any relief whatsoever, including those specifically requested as against MSN.

## MSN'S AFFIRMATIVE DEFENSES

Further answering the Complaint, MSN asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below.  MSN reserves the right to amend this Answer with additional defenses as further information is obtained in discovery.  MSN asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

### FIRST AFFIRMATIVE DEFENSE
**(Invalidity)**

The the '439, '440, and '015 patents and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND AFFIRMATIVE DEFENSE
**(Obviousness-Type Double Patenting)**

The '439, '440, and '015 patents and each of the claims thereof are invalid for obviousness-type double patenting.

### THIRD AFFIRMATIVE DEFENSE
**(No Direct Infringement)**

MSN does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '439, '440, and '015 patents.  If the product that is the subject of ANDA No. 213878 were marketed, MSN would not infringe any valid and enforceable claim of the '439, '440, and '015 patents.

### FOURTH AFFIRMATIVE DEFENSE
**(No Indirect Infringement)**

MSN has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '439, '440, and '015 patents.  If the product that is the subject of ANDA No. 213878 were marketed, MSN would not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '439, '440, and '015 patents.

### FIFTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent applications leading to the '439, '440, and '015 patents, Plaintiff is estopped

from maintaining that any valid or enforceable claims of the '439, '440, and '015 patents are

infringed by the product that is the subject of MSN's ANDA No. 213878.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim for relief against MSN.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

The Complaint fails to state a claim for relief against MSN for an exceptional case under

35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

MSN has not willfully infringed any claim of the '439, '440, and '015 patents.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands and bad faith.  MSN incorporates by reference as if set forth fully herein paragraphs 28-49 of MSN's Counterclaims.

## TENTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

Plaintiffs' claims are barred by the doctrine of patent misuse.  MSN re-alleges and incorporates by reference the allegations in its Ninth Affirmative Defense as though fully set forth herein.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

Plaintiffs' claims are barred by the doctrine of prosecution laches.  MSN re-alleges and incorporates by reference the allegations in its Ninth Affirmative Defense as though fully set forth herein.

## TWELFTH AFFIRMATIVE DEFENSE

Any additional defenses that discovery may reveal.

WHEREFORE, Defendant MSN respectfully requests that Plaintiff takes nothing by way of its Complaint, that judgment be entered in favor of MSN, that MSN be awarded its attorneys' fees and costs, and all other just and proper relief.

## MSN LABORATORIES PRIVATE LTD. AND MSN PHARMACEUTICALS INC.'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1.      For their counterclaim against Exelixis, Inc. ("Exelixis"), Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. ("Counterclaim Plaintiffs" or "MSN") state as follows:

### THE PARTIES

2.      MSN Laboratories Private Ltd. ("MSN Laboratories") is a company organized and existing under the laws of India, having a principal place of business at Plot #C-24, Industrial Estate, Sanathnagar Hyderabad-18 Telangana, India.

3.      MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") is a Delaware corporation having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

4.      On information and belief, Exelixis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1851 Harbor Bay Parkway, Alameda, California 94502.

### JURISDICTION AND VENUE

5.      These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction over Exelixis because it is, on information and belief, a corporation organized and existing under the laws of the State of Delaware.  This Court

-12-

also has personal jurisdiction over Exelixis on the basis of, *inter alia*, its contacts with Delaware relating to the subject matter of this action, including having filed this suit.

7.     Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

8.     Upon information and belief, Exelixis holds approved New Drug Application ("NDA") No. 208692 for cabozantinib s-malate tablets, which Exelixis markets and sells, directly or indirectly, under the trade name CABOMETYX® in the United States, including this judicial district, in oral tablets having 20 mg, 40 mg, and 60 mg dosage strengths.

9.     An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party.  *See* 21 U.S.C. § 355(b)(1), -(c)(2); 21 C.F.R. § 314.53(b), -(c)(2).

10.     Upon approval of the NDA, the U.S. Food and Drug Administration ("FDA") publishes patent information for the approved drug in the "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book."  *See* 21 U.S.C. § 355(j)(7)(A)(iii).

11.     U.S. Patent No. 11,091,439 ("the '439 patent"), entitled "malate salt of N-(4-{[6,7-bis (methyloxy) quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms thereof for the treatment of cancer" (Exhibit A hereto), was issued by the United States Patent & Trademark Office on August 17, 2021.

12.     On information and belief, Exelixis purports to be the owner of all right, title, and interest in the '439 patent.

13. The '439 patent is related to U.S. Patent Application No. 13/145,054, filed as application No. PCT/US2010/021194 on Jan. 15, 2010, now the '776 patent.

14. U.S. Patent No. 11,091,440 ("the '440 patent"), entitled "malate salt of N-(4-{[6,7-bis (methyloxy) quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms thereof for the treatment of cancer" (Exhibit B hereto), was issued by the United States Patent & Trademark Office on August 17, 2021.

15. On information and belief, Exelixis purports to be the owner of all right, title, and interest in '440 patent.

16. The '440 patent is related to U.S. Patent Application No. 13/145,054, filed as application No. PCT/US2010/021194 on Jan. 15, 2010, now the '776 patent.

17. U.S. Patent No. 11,098,015 ("the '015 patent"), entitled "malate salt of N-(4-{[6,7-bis (methyloxy) quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms thereof for the treatment of cancer" (Exhibit C hereto), was issued by the United States Patent & Trademark Office on August 17, 2021.

18. On information and belief, Exelixis purports to be the owner of all right, title, and interest in '015 patent.

19. The '015 patent is related to U.S. Patent Application No. 13/145,054, filed as application No. PCT/US2010/021194 on Jan. 15, 2010, now the '776 patent.

20. Upon information and belief, Exelixis caused the '439 patent, the '440 patent, and the '015 patent to be listed in the Orange Book in connection with CABOMETYX®, a drug for which Exelixis submitted NDA No 208692.

21.     MSN submitted Abbreviated New Drug Application ("ANDA") No. 213878 to obtain FDA approval to engage in the commercial manufacture, use, and sale of cabozantinib S-malate tablets, 20 mg, 40 mg, and 60 mg ("MSN's ANDA Products") prior to the expiration of the '439 patent, the '440 patent, and the '015 patent.

22.     MSN's ANDA No. 213878 contains a "Paragraph IV" certification under 21 U.S.C. § 505(j)(2)(A)(vii)(IV) that the '439 patent, the '440 patent, and the '015 patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Products.

23.     By letter dated January 10, 2022, pursuant to 21 U.S.C. § 355(j)(2)(B), MSN notified Exelixis that ANDA No. 213878 includes a Paragraph IV Certification with respect to the '439 patent, the '440 patent, and the '015 patent.  The MSN January 10, 2022 Notice Letter, which is incorporated herein by reference, contained a detailed statement of the factual and legal bases for MSN's Paragraph IV Certification that the claims of the '439 patent, the '440 patent, and the '015 patent are invalid, not infringed, and/or unenforceable. MSN also enclosed an Offer of Confidential Access to MSN's ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(i)(III) to allow Exelixis the opportunity to review the relevant portions of MSN's ANDA.

24.     On February 23, 2022, Exelixis filed this instant lawsuit alleging infringement of the '439 patent, the '440 patent, and the '015 patent.

25.     By maintaining the Orange Book listing of the '439 patent, the '440 patent, and the '015 patent in connection with CABOMETYX®, Exelixis continues to represent that the '439 patent, the '440 patent, and the '015 patent could reasonably be asserted against anyone making, using, or selling a generic cabozantinib s-malate tablets without a license from Exelixis.

26.     MSN has made, and will continue to make, substantial preparations in connection with its request for FDA approval of its ANDA Products.

27.     Upon FDA approval of MSN's ANDA, MSN will be able to market and sell its ANDA Products in the United States.

28.     The '439, '440, and '015 patents are related to U.S. Patent Application No. 13/145,054, filed as application No. PCT/US2010/021194 on Jan. 15, 2010, now the '776 patent, which claims are directed to the Form N-2 of cabozantinib (L)-malate.

29.     The '439, '440, and '015 patents are related to U.S. Patent Application No. 14/340,871, filed on July. 25, 2014, now U.S. Patent No. 9,809,549, which claims are directed to the Form N-1 of cabozantinib (L)-malate.

30.     The shared specification of the '439, '440, '015, '776, and '549 patents discloses only two crystalline forms of cabozantinib (L)-malate—Form N-1 and Form N-2.

31.     MSN relied on Exelixis' listing of the '776 patent in the Orange Book and the disclosure of only two crystalline forms of cabozantinib in the specification of the '776 patent when MSN developed and filed its ANDA. In particular, MSN invested substantial time, money, and resources to develop its novel Form S polymorph, which is described in PCT Pub. No. WO2018/104954, published June 14, 2018, and U.S. Patent No. 11,261,160, which issued on March 1, 2022.

32.     The patent applications that issued as the '439, '440, and '015 patents were all filed on October 14, 2020 or later. Patent Application No. 17/070,514, which issued as the '439 patent, was filed on October 14, 2020.  Patent Application No. 17/149,365, which issued as the '440 patent, was filed on October 14, 2020.  Patent Application No. 17/171,752, which issued as the '015 patent, was filed on February 9, 2021.

33. Prior to October 14, 2020—before the filing of the patent applications that issued as the '439, '440, and '015 patents—Exelixis had knowledge of MSN's Form S crystalline form of cabozantinib (L)-malate.

34. Prior to October 14, 2020—before the filing of the patent application that issued as the '439, '440, and '015 patents—Exelixis had reason to believe the Form S crystalline form of cabozantinib (L)-malate does not infringe the claims of the '776 patent.

35. Prior to October 14, 2020—before the filing of the patent application that issued as the '439, '440, and '015 patents—Exelixis had reason to believe the Form S crystalline form of cabozantinib (L)-malate does not infringe the claims of the '549 patent.

36. Exelixlis contends the Form S crystalline form of cabozantinib (L)-malate infringes the '439, '440, and '015 patents.

37. The named inventors of the '439, '440, and '015 patents did not invent the Form S crystalline form of cabozantinib (L)-malate.

38. The specification of the '439, '440, and '015 patents lacks a sufficient written description to support the full scope of the claims of the '439, '440, and '015 patents.

39. The specification of the '439, '440, and '015 patents lacks a sufficient enabling disclosure to support the full scope of the claims of the '439, '440, and '015 patents without undue experimentation.

40. Exelixis refused to consolidate this action alleging infringement of the '439, '440, and '015 patents with *Exelixis, Inc. v. MSN Laboratories Private Limited et al.*, C.A. No. 19-2017-RGA-SRF (D. Del.) where Exelixis had alleged infringement of the '776 patent and the '549 patent based on the same ANDA that is the subject of this action—ANDA No. 213878.

41.    On information and belief, Exelixis has embarked on an abusive course of conduct in which it gleans information about MSN's noninfringement position, then runs to the Patent Office to obtain new, patent-counsel-invented patent claims by filing continuation applications of a patent application filed ten-plus years ago, and then files in seriatim law suits against MSN based on these unreasonably presented patent claims, to delay resolution of whether MSN's ANDA Product infringes any valid and enforceable claim.

42.    For example, all of the claims in the '549 and '776 patents are directed to either the Form N-1 or Form N-2 crystalline forms of cabozantinib (L)-malate—the only two crystalline forms of cabozantinib (L)-malate disclosed in the specification of those patents.

43.    On information and belief, after learning of MSN's Form S polymorph, which is not disclosed in, nor claimed by, the '549 or '776 patents, Exelixis sought broader claims that it did not invent to cover MSN's Form S polymorph. These broader claims that Exelixis did not invent issued as the '439, '440, and '015 patents.

44.    On information and belief, Exelixis has also used the new '439, '440, and '015 patents to initiate a new patent lawsuit and refused to consolidate this action with the 19-2017 case in order to delay resolution of these patent infringement litigations asserted by Exelixis against MSN.

45.    On information and belief, Exelixis has engaged in a pattern of pursuing numerous overlapping and non-inventive patents for the purpose of developing a "patent thicket," using the patenting process itself as a means to seek to delay competition against its cabozantinib product.

46.    The claims of the '439, '440, and '015 patents do not represent innovation, but rather represent an attempt to claim MSN's novel Form S polymorph, which Exelixis did not

invent, for the purpose of creating a patent thicket to delay competition against Exelixis' cabozantinib product.

47.    Exelixis' patent-prosecution strategy—conducted over ten years after the filing of the parent application and during the litigation of the '776 and '549 patents, which Exelixis had reason to believe MSN's Form S polymorph did not infringe—to seek and obtain broader patent claims to cover MSN's Form S polymorph that Exelixis did not invent, represents unconscionable conduct.

48.    Exelixis' effort to delay generic competition by MSN by asserting patent claims covering crystalline forms of cabozantinib (L)-malate Exelixis did not invent represents patent misuse.

49.    Exelixis's conduct impairs MSN's ability to market MSN's ANDA Products.  MSN thus seeks a declaratory judgment that its ANDA Products do not infringe the '439 patent, the '440 patent, and the '015 patent, and/or that these patents are invalid and/or unenforceable.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '439 Patent)

50.    MSN repeats, re-alleges, and incorporates by reference the allegations in the preceding paragraphs 1-49 as if fully set forth herein.

51.    Exelixis alleges ownership of the '439 patent, and Exelixis has brought claims against MSN alleging infringement of the '439 patent.

52.    The manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '439 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

53.    There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the manufacture, use,

offer to sell, sale, and/or importation into the United States of the MSN ANDA Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the '439 patent.

54. MSN has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '439 patent and is not liable for such infringement.

55. MSN is entitled to a declaration that the manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '439 patent.

## COUNT II

### (Declaratory Judgment of Invalidity or Unenforceability of the '439 Patent)

56. MSN re-alleges and incorporates by reference the allegations in Paragraphs 1-55 of its Counterclaims as though fully set forth herein.

57. Exelixis alleges ownership of the '439 patent, and Exelixis has brought claims against MSN alleging infringement of the '439 patent.

58. One or more claims of the '439 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

59. The '439 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

60. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the commercial marketing of MSN's ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the '439 patent.

61. MSN is entitled to a declaration that all claims of the '439 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

62.     MSN is entitled to a declaration that one or more claims of the '439 patent are unenforceable and barred in whole or in part by the doctrine of unclean hands and bad faith and/or the doctrine of patent misuse and/or the doctrine of prosecution laches.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '440 Patent)

63.     MSN repeats, re-alleges, and incorporates by reference the allegations in the preceding paragraphs 1-62 as if fully set forth herein.

64.     Exelixis alleges ownership of the '440 patent, and Exelixis has brought claims against MSN alleging infringement of the '440 patent.

65.     The manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '440 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

66.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the MSN ANDA Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the '440 patent.

67.     MSN has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '440 patent and is not liable for such infringement.

68.     MSN is entitled to a declaration that the manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '440 patent.

## COUNT IV

### (Declaratory Judgment of Invalidity or Unenforceability of the '440 Patent)

69.     MSN re-alleges and incorporates by reference the allegations in Paragraphs 1-68 of its Counterclaims as though fully set forth herein.

70.     Exelixis alleges ownership of the '440 patent, and Exelixis has brought claims against MSN alleging infringement of the '440 patent.

71.     One or more claims of the '440 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

72.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the commercial marketing of MSN's ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the '440 patent.

73.     MSN is entitled to a declaration that all claims of the '440 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

74.     MSN is entitled to a declaration that one or more claims of the '440 patent are unenforceable and barred in whole or in part by the doctrine of unclean hands and bad faith and/or the doctrine of patent misuse and/or the doctrine of prosecution laches.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '015 Patent)

75.     MSN repeats, re-alleges, and incorporates by reference the allegations in the preceding paragraphs 1-74 as if fully set forth herein.

76.     Exelixis alleges ownership of the '015 patent, and Exelixis has brought claims against MSN alleging infringement of the '015 patent.

77.    The manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '015 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

78.    There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the MSN ANDA Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the '015 patent.

79.    MSN has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '015 patent and is not liable for such infringement.

80.    MSN is entitled to a declaration that the manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '015 patent.

### COUNT VI

### (Declaratory Judgment of Invalidity or Unenforceability of the '015 Patent)

81.    MSN re-alleges and incorporates by reference the allegations in Paragraphs 1-80 of its Counterclaims as though fully set forth herein.

82.    Exelixis alleges ownership of the '015 patent, and Exelixis has brought claims against MSN alleging infringement of the '015 patent.

83.    One or more claims of the '015 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

84.    There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the commercial marketing of MSN's ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the '015 patent.

85.     MSN is entitled to a declaration that all claims of the '015 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

86.     MSN is entitled to a declaration that one or more claims of the '015 patent are unenforceable and barred in whole or in part by the doctrine of unclean hands and bad faith and/or the doctrine of patent misuse and/or the doctrine of prosecution laches.

## PRAYER FOR RELIEF

WHEREFORE, MSN requests judgment in its favor and against Exelixis as follows:

a.      Declaring that all claims of the'439 patent, the '440 patent, and the '015 patent are invalid;

b.      Declaring that the filing of MSN's ANDA No. 213878 has not infringed and does not infringe any valid and enforceable claim of the'439 patent, the '440 patent, and the '015 patent.

c.      Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of MSN's ANDA Products does not, and would not, if marketed, infringe any valid and enforceable claim of the'439 patent, the '440 patent, and the '015 patent;

d.      Declaring that all claims of the'439 patent, the '440 patent, and the '015 patent are unenforceable and barred in whole or in part by the doctrine of unclean hands and bad faith and/or the doctrine of patent misuse and/or the doctrine of prosecution laches;

e.      Enjoining Exelixis and its agents, representatives, attorneys, and those persons in active concert or participation with it who receive actual notice hereof, from threatening or initiating infringement litigation against MSN or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of MSN, or charging it either orally or in writing with infringement of any patent asserted herein against MSN;

f.      Enjoining Exelixis and its agents, representatives, attorneys, and those persons in active concert or participation with it who receive actual notice hereof, from interfering with the FDA's approval of ANDA No. 213878;

g.      Declaring this an exceptional case in favor of MSN and awarding its attorneys' fees pursuant to 35 U.S.C. § 285;

h.      Awarding costs and expenses; and

i.      Awarding any and all such other relief as the Court determines to be just and proper.


                                        HEYMAN, ENERIO
                                        GATTUSO & HIRZEL LLP

OF COUNSEL:                             */s/ Dominick T. Gattuso*
                                        Dominick T. Gattuso (#3630)
George C. Lombardi                      300 Delaware Avenue, Suite 200
Bryce A. Cooper                         Wilmington, DE 19801
Kurt A. Mathas                          (302) 472-7300
Kevin J. Boyle                          dgattuso@hegh.law
WINSTON & STRAWN LLP
35 W. Wacker Drive,                     *Attorney for MSN Laboratories Private*
Chicago, Illinois 60601-9703            *Limited and MSN Pharmaceuticals, Inc.*
(312) 558-5600

Noori Torabi
WINSTON & STRAWN LLP
101 California Street
35th Floor
San Francisco, CA 94111-5840
(415) -591-1000


Dated:  August 19, 2022