IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-228 (RGA) (JLH) |
| ) | CONSOLIDATED |
| MSN LABORATORIES PRIVATE LIMITED ) | |
| and MSN PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendants. ) | |

### AMENDED SCHEDULING ORDER FOR CONSOLIDATED ACTION

This 23rd day of August, 2022, the Court having waived an initial Rule 16 scheduling conference pursuant to Federal Rule of Civil Procedure 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **September 12, 2022**.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties and to amend or supplement the pleadings shall be filed on or before **January 6, 2023**.

3. **Discovery**.

    a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **March 16, 2023**.

b. <u>Document Production</u>.  All documents produced in C.A. No. 19-2017 will be treated as though they were produced in this consolidated action.  The parties will have produced most of their relevant and responsive documents.  The parties will also have produced most of the documents that are responsive, relevant, and substantially key to a claim or defense in the litigation.

c. <u>Requests for Admission</u>.  A maximum of 35 requests for admission are permitted for each side.  All responses to Requests for Admission served in C.A. No. 19-2017 will be treated as though they were served in this action.

d. <u>Interrogatories</u>.  A maximum of 15 interrogatories, including contention interrogatories, are permitted for each side.  All responses to interrogatories served in C.A. No.19-2017 will be treated as though they were served in this action.

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 32.5 hours for taking testimony by deposition upon oral examination, including the deposition of any third parties.  Unless the parties agree otherwise, each deposition will be limited to 6 hours on the record.[1]

ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a

---

[1] If any party determines that more deposition time is needed, the parties agree to meet and confer in good faith about the need for more time.

counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  The district court previously referred discovery disputes to Magistrate Judge Jennifer L. Hall.  *See* D.I. 22 (C.A. No. 22-228).  The consolidated action remains referred to Judge Hall.  A Motion for Teleconference to Resolve Discovery Dispute should be filed if counsel finds they are unable to resolve a discovery matter.  The suggested text for this motion can be found in Judge Hall's portion of the Court's website, in the "Forms" tab, under the heading "Motion for Teleconference to Resolve Discovery/Protective Order Disputes."  The dispute will thereafter be addressed in accordance with Judge Hall's discovery dispute procedures.

  4. **<u>Application to Court for Protective Order</u>**.  The parties agree to entry of the Protective Order from C.A. No. 19-2017.

  5. **<u>Papers Filed Under Seal</u>**.  When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

  6. **<u>Courtesy Copies</u>**.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

  7. **<u>Claim Construction Issue Identification</u>**.  In a prior claim construction exchange, the parties did not identify any claim term(s) or phrase(s) for construction by the Court concerning U.S. Patent Nos. 11,091,439, 11,091,440, and 11,098,015.  *See* D.I. 31.  The claim construction deadlines in this order only relate to U.S. Patent No. 11,298,349.  On or before **November 3, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction

and on or before **November 10, 2022**, their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **November 17, 2022**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

       8.     **<u>Claim Construction Briefing</u>**. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **December 8, 2022**. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **January 5, 2023**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **January 19, 2023**. Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,500 words, on **February 2, 2023**. No later than **February 9, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

    I.     Representative Claims

    II.    Agreed-upon Constructions

    III.   Disputed Constructions

         A.    [TERM 1]

             1.    Plaintiff's Opening Position

        2.        Defendants' Answering Position

        3.        Plaintiff's Reply Position

        4.        Defendants' Sur-Reply Position

    B.    [TERM 2]

        1.        Plaintiff's Opening Position

        2.        Defendants' Answering Position

        3.        Plaintiff's Reply Position

        4.        Defendants' Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.    **Hearing on Claim Construction**.  Beginning at 9:00 a.m. on March 1, 2023, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.  When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    10.    **Disclosure of Expert Testimony**.

    a.    Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 27, 2023**.  The supplemental disclosure to contradict or rebut evidence on the same matter

identified by another party (including any objective evidence of non-obviousness) is due on or before **June 8, 2023**. Reply expert reports from the party with the initial burden of proof (including any response to any objective evidence of non-obviousness) are due on or before **July 11, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **August 22, 2023**.

      b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **September 7, 2023**, unless otherwise ordered by the Court.

      c.    <u>E-Discovery</u>. The parties are continuing to meet and confer on the appropriate scope of electronic discovery. To date, the parties have agreed to the following:

      i.    <u>Default Standard for Discovery, Including Discovery of Electronic Documents ("Default Standard") Paragraph 4.a Disclosure</u>. By **September 12, 2022**, Plaintiff shall specifically identify the accused products and the asserted patents they allegedly infringe and produce the file history for each asserted patent.

     ii. <u>Default Standard Paragraph 4.b Disclosure</u>.  Defendants have already produced to the Plaintiff the ANDA at issue and core technical documents showing the manufacture and characterization, including but not limited to solid state characterization, of the drug substance and drug product at issue.

     iii. <u>Default Standard Paragraph 4.c Disclosure</u>.  By **September 27, 2022**, Plaintiff shall produce to Defendants an initial claim chart relating each accused product to the asserted claim(s) of the '349 patent each product allegedly infringes.  The parties have reached a separate infringement stipulation concerning U.S. Patent Nos. 11,091,439, 11,091,440, and 11,098,015.  *See* D.I. 26 (C.A. No. 22-228).

     iv. <u>Default Standard Paragraph 4.d Disclosure</u>.  By **October 27, 2022**, Defendants shall produce to Plaintiff their initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

11. **<u>Applications by Motion</u>**.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. **<u>Pretrial Conference</u>**.  On October 6, 2023, the Court will hold a Pretrial Conference in Court with counsel beginning at 9:00 a.m..  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. **<u>Motions in *Limine*</u>**.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting

documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      14.    **Trial**.  This matter is scheduled for a three-day bench trial beginning at 8:30 a.m. on October 23, 2023.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

                                              /s/ Richard G. Andrews
                                         UNITED STATES DISTRICT JUDGE